**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO GRANADOS-ARANDA, | No.    17-71344 |
| Petitioner, | Agency No. A095-806-826 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Arturo Granados-Aranda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Granados-Aranda failed to establish that the harassment and physical harm he experienced in Mexico rose to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)).

Granados-Aranda does not challenge the agency's finding that "imputed American nationality" is not a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The agency did not err in finding that Granados-Aranda failed to establish

that his proposed particular social group of "persons who have lived in the United States since their youth who have adopted an American cultural identity and are removed to Mexico" was cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not constitute a particular social group).

Thus, Granados-Aranda's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Granados-Aranda's remaining contentions regarding his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Granados-Aranda failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of

torture).

**PETITION FOR REVIEW DENIED.**